# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**LORENZO EDWARD BLAKELY,**
**AIS # 169084,**                    :

    **Plaintiff,**                   :

**vs.**                              :      **CIVIL ACTION 10-0026-CG-N**

**JOSEPH JOHNSTON, et al.,**         :

    **Defendants.**                 :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding pro se and in forma pauperis, filed this § 1983 action, which has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). After careful consideration, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because its claims fail to state a claim upon which relief can be granted or are frivolous.

**I. Amended Complaint (Doc. 4).**

Plaintiff's amended complaint, which the Court ordered him to file on its current complaint form, is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff names as defendants Joseph Johnston, Circuit Court Judge for Mobile County, Alabama; Lars T. Granade, Assistant District Attorney for Mobile County; Pam Watts,

Magistrate for the City of Prichard's Municipal Court; and Rhonda Crisp, Detective for the Prichard Police Department.

Plaintiff complains of the following. On December 11, 2003, while his family and he were asleep, Prichard law enforcement officers entered his home and began searching it pursuant to defendant Crisp's order. (Doc. 4 at 4, 9). The noise from the search awoke plaintiff, producing complaints from him, which resulted in him being seized and being taken to the Prichard Jail. (Id. at 4). Plaintiff maintains that the search and his seizure were without a warrant. (Id.).

At the jail officials ran an NCIC report which reflected no complaints or warrants were lodged against him. (Id. at 4). Nonetheless, defendant Crisp would not release him. (Id.). When defendant Watts arrived, defendant Crisp presented her personal complaint to defendant Watts. (Id. at 5). Defendant Watts then issued a warrant for plaintiff's arrest based solely on defendant Crisp's personal complaint, which is alleged to be a conclusion, without other affidavits being presented with supporting facts to establish probable cause. (Id.).

On May 5, 2004, Habib Yazdi was appointed to represent plaintiff. (Id.). However, Yazdi refused to subpoena plaintiff's witness so plaintiff could have a fair trial. (Id.). Yazdi told plaintiff that subpoenaing his witness was pointless because defendant Granade told Yazdi that he wanted to convict plaintiff because plaintiff had cost him $4800 when plaintiff was found not guilty of assault, second degree, during a bench trial. (Id.). Yazdi further told plaintiff that defendant Granade had talked him into not having

2

plaintiff's witness. (Id. at 6). On May 11, 2004, plaintiff filed a motion for a new attorney because Yazdi was failing to represent plaintiff to the best of his ability, which would deprive plaintiff of a fair trial. (Id. at 5). Defendant Johnston denied the motion making plaintiff go to trial with Yazdi and with no witness for his defense, thereby denying him effective assistance of counsel. (Id.).

For relief, plaintiff seeks to be released from prison, to have his conviction expunged, and to be awarded $1 million. (Id. at 8).

Plaintiff did not identify his conviction in his allegations. However, in response to the complaint form's questions about the conviction for which he is presently incarcerated, he identifies a conviction for discharging a gun into an occupied vehicle. (Id. at 7). He further states that he was convicted on May 21, 2004 and received a sentence of fifteen years, and that this conviction has not been invalidated.

## II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding in forma pauperis, the Court is reviewing the amended complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B).[1] Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104

---

[1] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(b)(2)(B) in 1996. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), cert. denied, 534 U.S. 1044 (2001). However, dismissal is now mandatory under § 1915(e)(2)(B). Bilal, 251 F.3d at 1348-49.

3

L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Id. at 555, 127 S.Ct. at 1965. That is, the allegations must be a "plain statement' possess[ing] enough heft to sho[w] that the pleader is entitled to relief." Id. at 557, 127 S.Ct. at 1966 (second brackets in original) (internal quotations marks omitted). "[L]abels and conclusions[] and a formulaic recitation of a cause of action's elements" are insufficient grounds for entitlement to relief. Id. at 555, 127 S.Ct. at 1965. However, when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S.Ct. 910, 920-21, 166 L.Ed.2d 798 (2007).

The Court gives a pro se litigant's allegations a liberal construction by holding them to a more lenient standard than the those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972). However, the Court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order

to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998). Furthermore, a pro se litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**III. Discussion.**

    **A. Damages Claims Against Defendant Johnston.**

Defendant Johnston is alleged to have denied plaintiff's motion for a new attorney to replace appointed defense counsel, Habib Yazdi. (Doc. 4 at 6). This denial caused plaintiff allegedly to receive ineffective assistance of counsel at trial because Yazdi denied plaintiff's request to have a witness. (Id. at 5).

In a § 1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he acted in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 357, 362, 98 S.Ct. 1099, 1105, 1107, 55 L.Ed.2d 331 (1978) (internal quotation marks omitted); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996); Scott v. Hayes, 719 F.2d 1562, 1563 (11th Cir. 1983). A judge is entitled to this immunity even though the act he undertook "was in error, was done maliciously, or was in excess of [his] authority." Stump, 435 U.S. at 356, 98 S.Ct at 1105. Absolute judicial immunity ensures "that a judicial officer, in exercising that authority vested in him, [is] free to act upon his own convictions, without apprehension of personal consequences to himself," id. at 355, 98 S.Ct. at 1104

(internal quotation marks omitted), which is a "principle of the highest importance to the proper administration of justice[.]" Id. (internal quotation marks omitted).

Defendant Johnston is a judge for the Circuit Court of Mobile County, Alabama.[2] Plaintiff dealt with defendant Johnston in his judicial capacity because entering rulings in plaintiff's criminal case and conducting a criminal trial are acts typically performed by a judge. Moreover, an Alabama circuit court has "exclusive original jurisdiction of all felony prosecutions[.]" ALA. CODE § 12-11-30(2). And, assuming that plaintiff was convicted of discharging a fireman into an occupied automobile, he was convicted of a Class B felony. ALA. CODE § 13A-11-61(b). Thus, it is clear that defendant Johnston was acting within his jurisdiction and was dealing with plaintiff in his judicial capacity. Defendant Johnston is therefore entitled to absolute judicial immunity from any damages claim because both prongs of the Stump test are satisfied, and he is due to have the damages claims against him dismissed as frivolous. Simmons, 86 F.3d at 1084-85.

The fact that plaintiff takes issue with the correctness of defendant Johnston's ruling does not deprive defendant Johnston's of absolute judicial immunity from damages. One of the reasons for judicial immunity is to allow a judge to exercise his authority without apprehension of consequences to himself such as a lawsuit. Stump, 435 U.S. at 364, 98 S.Ct. at 1108.

---

[2] Ala. Legal Directory (2010), at 89.

### B. Damages Claims Against Defendant Granade.

Plaintiff claims that, according to Yazdi, defendant "Granade talked Yazdi into not having [plaintiff's] witness in court," thereby depriving plaintiff of a fair trial. (Doc. 4 at 6). These allegations do not present a claim against defendant Granade. The Court has found no authority finding that a claim was stated in such a situation. Section 1983 requires that a defendant's action cause the injury. Hale v. Tallapoosa County, 50 F.3d 1579, 1584 (11th Cir. 1995). Based on the scant allegations, the alleged injury was caused by Yazdi's decision not to call the witness. Regardless of what Yazdi was told by defendant Granade, it was Yazdi's responsibility to decide who shall be called as a witness as he was representing plaintiff.

In the alternative, the decision in Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), requires that a claim must be plausible on its face in order to state a claim upon which relief can be granted. Plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. As stated heretofore, the failure to call a witness is Yazdi's, not defendant Granade's, responsibility. Thus, it is not plausible that this claim states a violation of the Constitution by defendant Granade. Because this claim lacks plausibility, plaintiff has failed to state a claim against defendant Granade.

Furthermore, a prosecutor is entitled to absolute prosecutorial immunity from damages in a § 1983 action for performing his function as an advocate for the

government. Buckley v. Fitzsimmons, 509 U.S. 259, 272-73, 113 S.Ct. 2606, 2615, 125 L.Ed.2d 209 (1993). He is protected with absolute immunity in order not to "impair the performance of a central actor in the judicial process." Malley v. Briggs, 475 U.S. 335, 343, 106 S.Ct. 1092, 1097, 89 L.Ed.2d 271 (1986). This immunity encompasses acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the government's case. Imbler v. Pachtman, 424 U.S. 409, 430-31, 96 S.Ct. 984, 995, 47 L.Ed.2d 128 (1976); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); Fullman v. Graddick, 739 F.2d 553, 558-59 (11th Cir. 1984). This immunity extends also to other judicial proceedings where the prosecutor is acting as the State's advocate in a proceeding relating to the criminal process. See Allen v. Thompson, 815 F.2d 1433, 1434 (11th Cir. 1987) (holding that a prosecutor is entitled to absolute immunity for forwarding information requested by the Parole Commission because this was a continuation of the sentencing process that is "intimately associated with the judicial phase of the criminal process"). Moreover, "[p]rosecutors are entitled to immunity for knowingly [offering] perjured testimony and fabricated exhibits at trial[.]" Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1280 (11th Cir. 2002).

In the action at hand, defendant Granade's act occurred in plaintiff's criminal case prior to trial or at trial, while he was acting as an advocate for the State in the prosecution of the case against plaintiff. Accordingly, defendant Granade is due to be granted

absolute immunity from damages, and the damages claims are due to be dismissed as frivolous. Imbler, 424 U.S. at 430-31, 96 S.Ct. at 995.[3]

### C. Damages Claim Against Defendant Watts.

Defendant Watts is alleged to have issued an arrest warrant without probable cause being established because defendant Crisp's complaint was only a conclusion, and no other affidavits were presented to establish probable cause. (Doc. 4 at 7). "Magistrates are unique in Alabama's system of judicial administration. The office of magistrate is a hybrid creature, combining both clerical attributes and limited judicial attributes." City of Bayou LaBatre v. Robinson, 785 So.2d 1128, 1133 (Ala. 2000). In Alabama a magistrate is granted the judicial power to issue an arrest warrant. ALA. CODE § 12-14-51(c)(1) (1975). When a magistrate is exercising judgment and discretion, the Alabama courts have found a magistrate to be performing a judicial act entitling the magistrate to judicial immunity. Robinson, 785 So.2d at 1133. The decision to or not to issue an arrest warrant, (that is, to determine whether probable cause exists), is an exercise of discretion for which a magistrate is granted absolute judicial immunity. Almon v. Gibbs, 545 So.2d 18, 20 (Ala. 1989), modified by Ex parte City of Tuskegee, 932 So.2d 895, 908-09 (Ala. 2005); Franklin v. Healthcare Auth. for Baptist Health, 2010 WL 55707, at *1 (M.D. Ala. Jan. 4, 2010) (denying an amendment as futile because the state magistrate

---

[3] The application of the decision in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994), and the two-year statute of limitations is not being discussed at this time in light of the foregoing alternative grounds for dismissal of the claim against defendant Granade. See infra.

9

was entitled absolute judicial immunity for the decision not to issue an arrest warrant). Considering the authority granted defendant Watts to issue warrants and the judicial act that she performed when she used her discretion to issue an arrest warrant, defendant Watts is entitled to absolute judicial immunity from damages in this § 1983 action. Cf. Scott v. Dixon, 720 F.2d 1542 (11th Cir. 1983) (finding clerk was entitled to absolute judicial immunity for issuing a warrant); Spaulding v. Nielson, 599 F.2d 728, 729 (5th Cir. 1979) (finding a probation officer entitled to absolute judicial from damages when preparing and submitting presentence report); Hughes v. Chesser, 731 F.2d 1489, 1490 (11th Cir. 1984) (finding a probation officer entitled to absolute judicial immunity filing false presentence report). Thus, the damages claim against defendant Watts is due to be dismissed with prejudice.

**D. Damages Claims Against Defendant Crisp.**

Plaintiff alleges that, pursuant to defendant Crisp's order, his home was searched and he was seized without a warrant. (Doc. 4 at 4, 9). Afterwards at the jail defendant Crisp would not release him even though she did not find an outstanding warrant or complaint against him. (Id. at 5). When defendant Watts arrived at the jail, defendant Crisp presented her complaint containing only a conclusion to defendant Watts. (Id.). These allegations against defendant Crisp support a claim for a search and plaintiff's

seizure without a warrant, a claim for his imprisonment without a warrant, and a claim for plaintiff's subsequent arrest on a warrant lacking probable cause.[4]

The Court will address whether a reason exists that would preclude plaintiff from proceeding on these claims against defendant Crisp at this time. However, this approach does not require that the Court rule on the substantive aspects of plaintiff's claim.

### 1. Claims for Search and Seizure Without a Warrant and for Imprisonment Without a Warrant.

Turning to the two claims where no warrant was present, these are claims for false arrest and false imprisonment. Wallace v. Kato, 548 U.S. 384, 388, 127 S.Ct. 1091, 1095, 166 L.Ed.2d 973 (2007). The claims for "[f]alse arrest and false imprisonment overlap; the former is a species of the latter" with false imprisonment being used to describe them both. Id. "False imprisonment is [defined as] detention without legal process." Id. at 389, 127 S.Ct. at 1095. Thus, a claim for false imprisonment is complete when there is no longer detention without legal process. Id. at 389, 127 S.Ct. at 1096. Once a person is held pursuant to legal process, the false imprisonment ends. Id. at 390, 127 S.Ct. at 1096.

When detention without legal process ends, a plaintiff "has a complete and present cause of action . . . [on which he] can file suit and obtain relief." Id. at 388, 127 S.Ct. at 1095. In other words, a claim for false imprisonment has accrued. Id. at 390, 127 S.Ct.

---

[4] Plaintiff's incarceration after his arrest on the warrant is being treated as consequential damages to his arrest claim. Wallace v. Kato, 549 U.S. 384, 391, 127 S.Ct. 1091, 1097 166 L.Ed.2d 973 (2007).

11

at 1096. "The cause of action accrues even though the full extent of the injury is not then known or predictable." Id. at 391, 127 S.Ct. at 1097.

When an action for false imprisonment accrues, the plaintiff must file an action within the statute of limitations for a § 1983 action. The statute of limitations for a § 1983 action filed in Alabama is two years. Lufkin v. McCallum, 956 F.2d 1104, 1106, 1108 (11th Cir.), cert. denied, 506 U.S. 917 (1992); ALA. CODE § 6-2-38(l).

Examining plaintiff's claim against defendant Crisp, he alleges that the search and seizure occurred on December 11, 2003. Plaintiff was held at the Prichard Jail without a warrant until defendant Watts arrived, defendant Crisp then filed a complaint against him, and defendant Watts issued a warrant. From the tenor of these allegations, it appears that the warrant was issued not too long after plaintiff's seizure of December 11, 2003. However, no date is given for the issuance of the warrant. (Doc. 4 at 4 ). Nonetheless, the warrant was issued before May 5, 2004, the date Habib Yazdi was appointed to represent plaintiff. (Id.).

Thus, the statute of limitations began to run, at the latest, by May 5, 2004. This action, however, was filed on or about January 13, 2010 (Doc. 1), well beyond two years from when plaintiff's claims for false imprisonment accrued during the period of time from December, 2003 to May, 2004, realizing the claim for the search and seizure accrued on December 11, 2003. Knowing of no other reason that the two-year statute of limitations should not be applied to these claims for false imprisonment, the Court concludes that they are barred by the two-year statute of limitations for a § 1983 action

12

and are due to be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### 2. Claim for the Issuance of the Warrant.

The remaining claim against defendant Crisp is for an arrest warrant being issued based on her complaint that contained a mere conclusion and no facts to establish probable cause. This claim is beyond the scope of a claim for false imprisonment because legal process issued and plaintiff was then detained pursuant to legal process. Wallace v. Kato, 549 U.S. 384, 390, 127 S.Ct. 1091, 1096 166 L.Ed.2d 973 (2007) ("[F]alse imprisonment consists of detention without legal process [and] ends once the victim becomes held pursuant to such process – when, for example, he is bound over by a magistrate or arraigned on charges . . . Thereafter, unlawful detention forms part of the damages for the 'entirely distinct' tort of malicious prosecution which remedies detention accompanied . . . by wrongful institution of legal process."); Joyce v. Adams, 2007 WL 2781196, *at 3 (S.D. Ga. 2007) ("[T]his Circuit has held that a Fourth Amendment unreasonable seizure claim is most closely analogous to the common law tort of malicious prosecution when the seizure involves obtaining an arrest warrant or is otherwise pursuant to legal process. . . . An arrest warrant constitutes legal process[.]"); Grider v. City of Auburn, 628 F. Supp.2d 1322, 1334 (M.D. Ala. 2009) ("[A]n arrest made pursuant to a warrant constitutes a seizure pursuant to legal process for the purpose of a malicious prosecution claim[.]"); Blackmon v. Johnson, CA 05-0316-BH-B, 2008

WL 2397480, at * 3 (S.D. Ala. June 11, 2008) (finding that the plaintiff's complaints of illegal detention pursuant to warrants was a malicious prosecution claim).

Plaintiff's claim challenging defendants Crisp's complaint, the resulting warrant for his arrest, and subsequent incarceration is a § 1983 malicious prosecution claim governed by Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372-73, 129 L.Ed.2d 383 (1994). In Heck, the Supreme Court held that a state prisoner could not bring a damages claim under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id at 487, 114 S.Ct. at 2372. If it would, then the complaint must be dismissed unless the plaintiff can show that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. "But if, the district court determines that the plaintiff's action, even if successful will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to suit." Id. at 487, 114 S.Ct. at 2372-73.

Thus, if the damages claim based on defendant Crisp's conclusory complaint, which resulted in the warrant and plaintiff's subsequent imprisonment, would have the effect of invalidating plaintiff's conviction if the Court were to rule favorably on it, then plaintiff must demonstrate that his conviction has been invalidated in order to avoid dismissal. On the other hand, if plaintiff's § 1983 damages claim will not have the effect

of invalidating his conviction if the Court were to rule favorably on it, then his claim may proceed in this action unless another bar exists to the claim proceeding. Id. at 487 n.7, 114 S.Ct. at 2373 n.7.

In the present action, plaintiff has not clearly stated whether a conviction resulted from the warrant or identified a conviction connected to it. This places the Court in a position of having to assume that the conviction related to the malicious prosecution claim is plaintiff's conviction for discharging a weapon into an occupied automobile. However, it is not necessary for the Court to make this assumption because neither that conviction nor any other conviction has been shown to be invalidated in a manner prescribed by Heck. Therefore, if this claim is related to a conviction, and if the Court's ruling would undermine the unidentified conviction by ruling favorably on plaintiff's damages claim, this claim cannot proceed because plaintiff has not shown that the related conviction has been invalidated. Consequently, plaintiff's claim is frivolous and is due to be dismissed with prejudice. See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (dismissing a Heck-barred claim with prejudice).

On the other hand, if the Court were to rule favorably on plaintiff's malicious prosecution, and the ruling would not invalidate a conviction of plaintiff, or if there was no conviction, plaintiff's claim could then proceed in this action if no other bar exists. See, e.g., Heck, 512 U.S. at 487 & n.7, 117 S.Ct. at 2772-73 & n.7 (suggesting claims not precluded by Heck).

15

However, a statute-of-limitations bar exists. The Court finds that the malicious prosecution claim accrued when the warrant was issued during the period of time from December, 2003 to May, 2004. That is, plaintiff had a complete and present cause of action that he could sue on once the warrant was issued even though he may not have known the extent of his injuries. Wallace, 549 U.S. at 391, 127 S.Ct. at 1097.

As discussed, supra, Alabama's statute of limitations for a § 1983 action is two years. Lufkin, 956 F.2d at 1106, 1108; ALA. CODE § 6-2-38(l). Nonetheless, this action was filed on January 13, 2010 (Doc. 1), which is more than two years after plaintiff's claim accrued in 2003 or 2004. Thus, this action was filed beyond the statute of limitations for this claim. Accordingly, plaintiff's malicious prosecution claim against defendant Crisp is barred from proceeding in this action by the two-year statute of limitations and is therefore due to be dismissed with prejudice for failure to state a claim upon which relief can be granted.

**E. Injunctive Relief Claim.**

In addition to plaintiff's request for damages, he requests discharge from prison and expunction of his conviction. (Doc. 4 at 8). Considering that plaintiff's claims are lodged against persons who initiated criminal proceedings against him and were involved in the criminal process that resulted in his conviction and incarceration, the Court finds that he is challenging the constitutionality of his confinement and seeking release from it. Declaratory or injunctive relief "claims which challenge the validity of the claimant's conviction or sentence and seek release [ ] are simply not cognizable under § 1983" because they are in the nature of habeas corpus claims. Abella v. Rubino, 63 F.3d 1063,

1066 (11th Cir. 1995). Thus, plaintiff's injunctive relief request is in the nature of a habeas corpus claim which must be brought in a habeas corpus action and cannot be maintained in a § 1983 action. (Id.). Therefore, plaintiff's injunctive relief claim is frivolous as a matter of law.

**IV. Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because its claims fail to state a claim upon which relief can be granted or are frivolous.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 21st day of September, 2010.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
## AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days[5] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this 21st day of September, 2010.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

---

[5] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" FED.R.CIV.P. 72(b)(2).